Hand-Delivered

# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

Fourth Division

FILED
CHARLOTTE, NC

MAR 29 2022

US DISTRICT COURT
WESTERN DISTRICT OF NC

Shantal Tolbert

)
)
)
)
)

Case No. 3:22-cv-134-FDW

*(to be filled in by the Clerk's Office)*

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Willye Mai King, Richelieu Dennis, Yende Anderson, Lisa Givens, Joemel Morris, Aaron Marshall, Deltas, Steven Wright, Alphonso David, Michelle Williams Hellstern, Christine Norman,

)
)
)
)
)
)
)
)
)
)
)

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

## COMPLAINT AND REQUEST FOR INJUNCTION

I. **The Parties to This Complaint**

  A. **The Plaintiff(s)**

  Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

  | | |
  |---|---|
  | Name | Shantal Tolbert |
  | Street Address | P.O.Box 470251 |
  | City and County | Charlotte, Mecklenburg County |
  | State and Zip Code | North Carolina |
  | Telephone Number | 704-420-1501 |
  | E-mail Address | shantal.tolbert4@gmail.com |

  B. **The Defendant(s)**

  Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
 Name: Richelew Denis
 Job or Title (if known): Unilever Owner
 Street Address: 800 Sylvan ave
 City and County: Engle wood Cliffs
 State and Zip Code: New Jersey 07632
 Telephone Number:
 E-mail Address (if known):

Defendant No. 2
 Name: Yende Anderson
 Job or Title (if known):
 Street Address:
 City and County:
 State and Zip Code:
 Telephone Number:
 E-mail Address (if known):

Defendant No. 3
 Name: Mark Holder
 Job or Title (if known):
 Street Address: 7550 ~~Park Avenue~~ France Ave, S.
 City and County:
 State and Zip Code: Minneapolis, MN 55415
 Telephone Number:
 E-mail Address (if known):

Defendant No. 4
 Name: Joemel Morris
 Job or Title (if known): Senior Intelligence Education
 Street Address: 41914 Beningbrough Pl.
 City and County: Leeburg, VA 20174
 State and Zip Code: VA 20176
 Telephone Number:
 E-mail Address (if known):

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question  [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
The deprivation of rights under 18 U.S.C § 242, Title 18 U.S.C § 241- Conspiracy against rights, 42 U.S.C §1981- Equal Rights Under the Law, Tortious Interference with Parental Rights, fourteenth amendment sect. 1 – "class of one" claim of the N.C Constitution – 4, 14 Amendment, sect. 1, 12, 19, & 21, First Impression.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* Shantal Tolbert, is a citizen of the State of *(name)* North Carolina.

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

b.  If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.  The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:
100,000,000 (+)

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  Where did the events giving rise to your claim(s) occur?

B.  What date and approximate time did the events giving rise to your claim(s) occur?

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

## IV. Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 3/29/2022

Signature of Plaintiff: *Shantal Tolbert*

Printed Name of Plaintiff: Shantal Tolbert

### B. For Attorneys

Date of signing: 

Signature of Attorney: 
Printed Name of Attorney: 
Bar Number: 
Name of Law Firm: 
Street Address: 
State and Zip Code: 
Telephone Number: 
E-mail Address:

II. Basis for Jurisdiction

This court has subject matter jurisdiction under 28 U S C § 1331 and 1343 because this action raises federal questions and seeks to redress the deprivation of rights under 18 U.S.C § 242, Title 18 U.S.C § 241- Conspiracy against rights, 42 U.S.C §1981- Equal Rights Under the Law, Tortious Interference with Parental Rights, fourteenth amendment sect. 1 – "class of one" claim of the N.C Constitution – 4, 14 Amendment, sect. 1, 12, 19, & 21, First Impression. Injunctive & Declaratory Relief.

Venue

Venue is proper in this district under 28 USC § 1391 because a substantial part of the event giving rise to the claims took place on a global level, however many of the defendants resides in this district.

III. Statement of Claim

1. Plaintiff Shantal Tolbert a U S citizen, a West African descent who relocated to Charlotte, NC, in 1999. About a year into Plaintiff's relocation to North Carolina, the defendant's William R. Tolbert, III, Christian Tolbert and Willye Mai King (with other cohort defendants) collectively on a global level lay a groundwork to manipulate Plaintiff's life to violate fundamental statutory & substantive rights for Plaintiff and child (ren).

2. About 2017, Plaintiff became aware the defendants had created an environment between global and locally over one thousand individuals to include relative known/unknown and random people to continuously gather Plaintiff's information.

1

3. The defendants' gross conduct resulted in unlawful discrimination, physical injuries, property destruction, losses of properties, thief of documents & harassment.

4. The violations were subtle and progressed as the defendants deceptively infiltrated – with the skillset acquired from military backgrounds – training, education & their affiliations to the military, police, government, and various professions used as leverage for manipulation, intimidation, and control to infringe on Plaintiff's constitutional right to cause physical and economic harm.

1. Deprivation of Rights

5. From 2000 until the present, the defendants intruded onto Plaintiff's privacy on seclusion to intentionally cause economic hardship. Plaintiff Shantal Tolbert experienced global hack from West Africa, James Nee Gedeo III (executive director of cyber-crime prevention and mitigation agency), and alliances within the United States to circumvent Plaintiff's business development to cause financial harm. Upon initial hires, the defendants intruded into employments within the private institutions to ensure unjust treatment for Plaintiff Shantal Tolbert.

6. The defendants' actions have been concerted to violate Plaintiff's livelihood by aligning covert actions with locals within Mecklenburg County to counteract Plaintiff's livelihood overtly.

7. The defendants included members of the fraternities and sororities – Alpha Phi Alpha fraternity, Omega, Kappa, AKA, Deltas, Charlotte Mecklenburg School, Universities – McColl School of Business, Strayer University & Regent University and Churches, Charlotte Mecklenburg School (CMS), Atrium Health, etc.

2

8. The defendants relied on locals for collection of Plaintiff's personal information by the numerous home invasions to compromised identification which has required repeated relocation for Plaintiff.

9. Plaintiff Shantal Tolbert has petitioned several agencies regarding the deprivation of rights. About April 2021, Plaintiff spoke with Lesa Givens, to gain clarity which she admitted: "the process is almost complete within the State of North Carolina." By that, the defendant acknowledged the violation to Plaintiff, Shantal Tolbert which they had consented to for economic gain at the Plaintiff's detriment by collection of individuals globally to intrude on Plaintiff's life while controlling income to manipulate plaintiff income to have access to children.

10. About 2014 to date, (cohort defendant), William Freeman, wanted to learn about Plaintiff's line of work in a brief conversation. Henceforth, Plaintiff experienced harassment in all areas of her profession as local Liberians/Africans and affiliations to assist.

2. Conspiracy against Rights

11. From 2000 until the present, the defendants conspired against Plaintiff Shantal Tolbert to control and manipulate Plaintiff's life objectionably in a vindictive fashion to infringe upon livelihood by selection of inorganic business and personal relationships deceptively formulated to exploit Plaintiff Shantal Tolbert for economic gain.

12. The defendants intruded into employments within the private institutions upon initial hires to ensure unjust treatment for Plaintiff, Shantal Tolbert on numerous occasions

3

13. The defendants conspired with local associates and clients from Broker-Dealer to create economic hardship by attempting to regulate income to ensure quotas were not met.

14. About 2016, Plaintiff returned to work on more than one occasion to find spreadsheets and "H" drive removed from prior day on the desktop on, and intentionally published false reports (as a retaliatory measure at Wells Fargo) (assisted by Kenneth Jackson & John).

15. Plaintiff vehicle driven off a security access enclosure gated while at work – damaged, returned, parked at another location out of camera range when Plaintiff left work.

16. About 2016 to the present, the defendants intercepted the USPS on multiple occasions to which the mail never made it to the intended destination.

17. Plaintiff Shantal Tolbert was forced to adverse situations due to the defendant's intentional acts as decisions were unknowingly made and acted upon by the defendants to cause violation across multiple mediums as the defendants created a world to foster abuse and harassment which was stated in a certified letter to the o the DOJ on December 12, 2019, delivery was intercepted by Anderson.

18. The defendant names have been affixed to most affairs pertaining to Plaintiff and Children.

19. From 2010 to present date, the defendants collectively worked to keep abreast of children ages by frequent questions.

20. About 2017, following the staged accident with the City of Charlotte Bus, the defendants, used the opportunity to gather Plaintiff's younger child's information from the contractor/adjuster.

3. Equal Rights under the Law

21. Plaintiff has the right to pursue the career of choice, raise her family, and enjoy the fruit of her labor. Plaintiff ability to enjoy the same has been infringed upon by the defendants' manipulative actions.

22. Plaintiff entered contractual obligations with numerous Broker Dealer after onboarding, Plaintiff discovered unfair practices which the Broker Dealer participated at the request of the defendants to include Wells Fargo, Aon Hewitt, World Financial Group, Transamerica, LPL Financial, Mutual of Omaha, Allstate Financial, New York Life, Bankers Life and Casualty, Crump, MassMutual, Vanguard, One America, National Care Life Group, American Classic Agency etc. to manipulate income.

23. Plaintiff underwent intentional sexual harassment at Broker-Dealer to deter, undermine, and demean Plaintiff to quit Broker-Dealers.

24. About 2017 until the present, Defendants used unscrupulous means to work with Staffing Agencies locally and out of state to circumvent employment – factitious interviews, factitious job postings, and Plaintiff's client formation process to Lifeway Financial Group to ensure livelihood was affected by the contractual assignments of different vendors and growth scalability by the defendants' interference electronically and locally.

26. About 2017, the cohort defendant – Augusta Tolbert inquired about the out-of-state interview to ensure "they" make sure Plaintiff did not receive an offer.

27. The defendants (cohorts) collectively made several attempts to gain photographs of the minor child; when Plaintiff Shantal Tolbert refused to comply, devices were compromised on two occasions to delete iPhone and cloud photographs.

28. About 2009 until the present, Defendants actively recruited locals to interfere with Plaintiff's community engagements to include Plaintiff's religious participation within the church.

29. About 2009 until the present, Defendants collectively have worked to project "homelessness" through printed material and actively worked to ensure Plaintiff is by manipulating the recruitment of activities within the community.

30. From 2009 until the present, the Defendants have worked to compromise Plaintiff's image by services appointments – to cause intentional permanent damage to dental, hair, feet and hands.

### 4. Torturous Interference with Parental Rights

31. About 2009 until present, the defendants unscrupulously interfered with Plaintiff's child (ren) to control Plaintiff's life into compliance to their needs.

32. 2009 to present, the defendants deceptively negotiated and interfered with parental/child relationship to create irreparable harm from mental anguish to parent and child (ren).

33. 2018 the defendants worked with locals to deceptively engage in unscrupulous behaviors toward Plaintiff's child (ren) based upon misinformation to affect – extra curriculum activities, work, and scholastic against Plaintiff's wishes.

34. About 2013 until present the defendants have manipulated dealings around Plaintiff's child (ren) using undue influence to gain participation from others by projected false light within the community which was acted upon – to assist in the alienation – carried out by local leaders

35. 2011 until present, between New York, Virginia, Washington D.C., California & North Carolina, New Jersey, Kentucky, Boston, Atlanta, MN, IL, FL & TX (collective states) of the defendants has worked to bring irreparable harm to Plaintiff / child (ren) relationship.

### 4. Class of one Claim

36. Include and incorporate the above-alleged claims of the cruel indifference in treatment to violate Plaintiff/children, which the general public has not faced.

### 5. First Impression Claim

37. The defendants have deceptively intruded into Plaintiff life to monitor and surveille by the same individuals to ensure negative outcomes.

Irreparable Injury

38. Monetary damages later would not adequately compensate Plaintiff for the injuries sustained and still sustaining because Plaintiff Shantal Tolbert was subjected to unjust treatment (and children) by the defendants. The defendants manipulated Plaintiff's life from year 2000 to date to cause Plaintiff and children economic and physical harm. Plaintiff issued a cease-and-desist letter in 2019, and defendants' actions continued. Plaintiff has suffered reputational damages due to the invasion of privacy and harassment.

39. Plaintiff's career was intentionally interrupted due to the defendant's continued infringement on fundamental and substantive rights to violate constitutional rights to enjoy life, liberty, and the pursuit of happiness with child (ren) to satisfy their agenda. The defendant has worked to sabotage business contracts' fundamental relationships with Plaintiff's children and has taken the most productive earning years of Plaintiff's career leaving Plaintiff top-heavy in debt, physically injured to feet and hands, teeth and mental anguish for children & Plaintiff.

40. Due to the year of the defendants' actions, Plaintiff Shantal Tolbert would need to find a home immediately for Plaintiff and children. Plaintiff asks the court for a return of all Plaintiff and children's documents stolen in the hands of the defendants.

Relief:

Declaratory & Injunctive Relief

A. What date and approximate time did the events giving rise to your claim(s) occur?

41. The event giving rise to my claim is continuous since 2000 until the present, with the last incident dated March 18, 2022, in some matter. The claims have been continuous to violate Plaintiff constitutional rights as the defendant has looked upon the Plaintiff and children as source of income generation.

B. What are the facts underlying your claim(s)?

42. The fact underlying my claims is the defendants have exploited Plaintiff to enrich their lives while Plaintiff is at a deficit. Unbeknownst to Plaintiff, the defendant had ordered Plaintiff into a program to generate revenue without Plaintiff's acknowledgment since the early 2000. Plaintiff learned the defendant's articulation into military/government & other professions primarily for ease of access to violate Plaintiff's constitutional rights. The defendants' actions have Plaintiff in heavy debt, loss of home due to manipulation of Plaintiff's livelihood. Plaintiff is a mother, and the defendant has worked to harm Plaintiff's relationship with children.

IV. Irreparable Injury

43. Monetary damages at a later time would not adequately compensate Plaintiff for the injuries sustained and still sustaining; Plaintiff Shantal Tolbert and child (ren) were subjected to treatment against our constitutional rights. About 2000 until the present, Plaintiff has not enjoyed the fruits of her labor due to manipulation of Plaintiff's life by the different subgroups the defendants (collectively) formed to infringe upon fundamental and substantive rights to violate constitutional rights of enjoyment to life, liberty, and the pursuit of happiness for Plaintiff and children.

44. The defendants have deceptively worked to sabotage business contracts, employments, denied a peaceful dwelling, and fundamental relationships with children to control Plaintiff into compliance with their demands. The defendants deceptively separated Plaintiff's children as an exploitive means into submission to their request while working with other organizations to violate Plaintiff's right.

## V. Relief

45. Plaintiff is seeking injunctive and declaratory relief to immediately prohibit defendants from no contact with Plaintiff's affairs and children. Plaintiff is requesting punitive damages and exemplary damages for the emotional distress, Plaintiff, and children endured, physical injuries for the mental anguish of separation of children, assault and battery on Plaintiff, medical bills paid, high debt which Plaintiff has incurred, and home which the defendants have destroyed due to manipulation and harassment to violate livelihood.

46. Plaintiff is seeking the defendant to stop the manipulation and regulation to whom Plaintiff meets, monitors, and surveillance. Plaintiff seeks defendants have no contact with children, and all restriction against constitutional rights is removed and remedied as the court deems fit.