FILED
CHARLOTTE, NC
APR 1 5 2022
US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
For the
Western District of North Carolina
_____4__ Division

Shantal Tolbert
   Plaintiff

vs.

Allstate Financial & Agency,
Doe A through E; Inclusive as follows

_____

Defendants

Civil Action No.
3:22-cv-134

# Complaint about a Civil Case Alleging Breach of Contract

III.                      STATEMENT OF CLAIMS

                     A.    BREACH OF CONTRACT

1. Plaintiff Shantal Tolbert and Defendants A – E – Allstates Agency and Allstate Financial entered into a contractual agreement on May 1, 2019, to promote the retirement market within an assigned territory. That entailed the formation of partnerships with multiple agency owners within the region. Allstate has over one hundred agencies in North Carolina, out of those agencies within the region, Plaintiff was to meet with a selection to ascertain a fit to maximize the marketability and profitability of retirement services within the agency by coaching agency staff to scale utilizing the benefits of an Exclusive Financial Representative. In return, Plaintiff maintained full accessibility of agency portfolio of businesses for marketability.

2. On or about February 2019, Plaintiff met with Defendant A - sales leader for the territory in Charlotte, North Carolina to learn about the role of an Exclusive Financial Representative with Allstate.

3. The process took three meetings to include a meeting with Defendant B – field sales leader to map out the possible agencies for partnership formation within the territory.

4. Plaintiff requested a matrix of the production level of each agency from Defendant B.

5. There was a promise of deliverables within a couple of days. That never transpired until two months later, during training in Northbrook, IL, partial access from Defendant B.

6. Plaintiff attended training in Northbrook from April 26 – May 6, 2019. Plaintiff arrived in Charlotte, NC scheduled to meet Defendant B and Defendant A, to establish a partnership agreement with the agency owners.

7. There became a problem with coordination of schedules thereafter. There was resistance in scheduled meeting attendance for both Defendant A & Defendant B to meet with Plaintiff.

8. There was a lag in the agency partnership agreement established as well as the agency set-up.

9. The set-up required one principal office for the Plaintiff, to operate as her office space. The arrangement facilitated mail delivery and compliance check by the Allstate audit committee as the primary office per regulatory requirement.

10. Plaintiff, ordered stationery through the Allstate corporate store, but could not confirm print of the business cards due to contact information not available within their database two-four weeks post-contract agreement.

11. Met with the audit committee, Defendant D, to set up my principal office at the chosen agency initiated prior to my contract agreement.

12. Within a week of the audit set-up, marketing materials arrived at the principal's office. Once the boxes arrived from Allstate head office, the agency owner had a problem with the boxes of marketing materials being at his agency.

13. Plaintiff signed a partnership agreement on a Thursday with Defendant C, Defendant C went on a corporate retreat accompanied over the weekend which Defendant B was in attendance.

14. The next week, Plaintiff's scheduled appointment with Defendant C's office change. Notification to Plaintiff's Original contractual agreement was due to prior adverse experience with another Exclusive Financial Representative.

15. The change to Defendant C's agreement was to remove Plaintiff from sharing in revenue stream.

16. Later, each agency assigned preferred more coaching as they opt for more blanket polices to their clients.

17. Three – Four months later there was no urgency to provide the requested tools to optimize the market segment assigned, and no urgency to provide a new market segment.

18. Plaintiff kept the regional sales manager, Defendant F informed of the lack of progress with the market segment and received no improvement from said Defendant.

B. UNFAIR AND DECEPTIVE TRADE PRACTICES ACT (UDTPA)

20. The actions of Allstate and the management fell under unfair and deceptive trade practices, as these behaviors were counter-intuitive in meeting the sales goal established with the contract agreement. There was intentionality on the part of the agency owners instructed to "cherry-pick" for "low-hanging fruit" to prevent the quota materialization.

21. There agency owners had more interest in Plaintiff's personal life and knew information not shared to include extended family's location.

22. There was a third-party participation and interference between the agency owners and Plaintiff on how business was to be conducted.

23. Defendant misrepresented the role and that of the agency owners thereby breached their obligation of the contract.

22. The unfair practice caused personal injury as well as economic injury to Plaintiff.

23. The autonomy of the role was willfully infringed upon by upper management to limit profitability opposite to oral & written contract agreement.

24. The autonomy of the role was willfully infringed upon by upper management to limit profitability opposed to oral & written acceptance.

25. Refusal to make vendors available in a timely manner for Plaintiff to conduct business.

### C. TORTIOUS INTERFERENCE WITH BUSINESS

26. Allstate duty to fulfill the contractual obligation was controlled by a third party.

27. Plaintiff had not known before the contractual agreement as that information was withheld from Plaintiff.

28. Plaintiff was not aware of the information, that information became evident into the third month of contract formation.

29. This practice has continued to ruin the plaintiff's business to cause economic loss.

## PRAY FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. On his first claim, a judgment for compensatory damages & punitive damages in an amount to be determined at trial (**or settlement negotiated outside of court**), plus reasonable attorney fees pursuant to 42 U.S.C. § 1988, against Allstate.
B. On the second claim, a judgment for compensatory damages, punitive damages & treble damages.
C. All other relief this Court may deem just and equitable

Date of signing: *Shantel Tolb* 4/15/2002

Signature of Plaintiff: _____

Printed Name of Plaintiff: Shantal Tolbert

Defendant No. 1

    Name: Mrs. Willye Mai King
    Job or Title *(if known)*:
    Street Address: 36 Goodwinn Dr.
    City and County: North Brunswich
    State and Zip Code: New Jersey
    Telephone Number:
    E-mail Address *(if known)*: willyeking@gmail.com

Defendant No. 2

    Name: Mark Holder
    Job or Title *(if known)*: Doctor
    Street Address: 7550 France Ave. S
    City and County: Minneapolis
    State and Zip Code: Minnesota
    Telephone Number: 612-517-7716
    E-mail Address *(if known)*:

Defendant No. 3

    Name: Stephen A. Tolbert
    Job or Title *(if known)*: Financial Advisor
    Street Address: 39 Brookside Rd,
    City and County: West Orange
    State and Zip Code: New Jersey, 07052-4804
    Telephone Number:
    E-mail Address *(if known)*:

Defendant No. 4

    Name: Yende Anderson
    Job or Title *(if known)*: Attorney
    Street Address: 585 medina Rd.
    City and County: Wayzata, Hennepin
    State and Zip Code: MN, 55391
    Telephone Number:
    E-mail Address *(if known)*:

Defendant No. 1

    Name: Liberian Community Association
    Job or Title *(if known)*:
    Street Address: 10151 Stewarton Ln.
    City and County: Charlotte,
    State and Zip Code: North Carolina 28269
    Telephone Number:
    E-mail Address *(if known)*:

Defendant No. 2

    Name: Lesa Givens
    Job or Title *(if known)*: Owner
    Street Address: 904 Clifton Dr
    City and County: Williamstown
    State and Zip Code: New Jersey 08094
    Telephone Number:
    E-mail Address *(if known)*: iadschoolassoiationusa@gmail.com

Defendant No. 3

    Name: Sam Massaquoi
    Job or Title *(if known)*: Vp Technology , JP Morgan
    Street Address: 157 Lasselle Ave
    City and County: Buffalo
    State and Zip Code: New York 14222
    Telephone Number:
    E-mail Address *(if known)*:

Defendant No. 4

    Name: William R. Tolbert III
    Job or Title *(if known)*: Pastor
    Street Address: 2339 Authur Ford Ct. # 1
    City and County: Louisville
    State and Zip Code: Kentucky 40217
    Telephone Number:
    E-mail Address *(if known)*:

Defendant No. 1

    Name: Michelle Williams Hellstern
    Job or Title *(if known)*:
    Street Address: 112 Waterline Ct
    City and County: Annapolis
    State and Zip Code: MD 21401
    Telephone Number: 813-251-4925
    E-mail Address *(if known)*:

Defendant No. 2

    Name: Joy Reid
    Job or Title *(if known)*: MSNBC
    Street Address: 30 Rocketfellar Plz
    City and County: New York
    State and Zip Code: New York 10112
    Telephone Number:
    E-mail Address *(if known)*:

Defendant No. 3

    Name: Shiela Benjamin Morris
    Job or Title *(if known)*:
    Street Address: 120 Drennon Dr
    City and County: Fayettville
    State and Zip Code: Ga 30215
    Telephone Number:
    E-mail Address *(if known)*:

Defendant No. 4

    Name: Carnley Norman
    Job or Title *(if known)*:
    Street Address: 1101 Hamlin Rd.
    City and County: Durham
    State and Zip Code: NC 27704
    Telephone Number: 919- 479-9898
    E-mail Address *(if known)*:

Defendant No. 1
- Name: Richeleu Dennis
- Job or Title (if known): Owner/ Uniliver
- Street Address: 800 Sylvan Ave
- City and County: Englewood Cliffs
- State and Zip Code: New Jersey 07632
- Telephone Number:
- E-mail Address (if known):

Defendant No. 2
- Name: Joseph Tolbert
- Job or Title (if known):
- Street Address: 16484 A.E. Mullinix Rd
- City and County: Woodbine
- State and Zip Code: MD 21797
- Telephone Number:
- E-mail Address (if known):

Defendant No. 3
- Name: Lorna Campbell Clark
- Job or Title (if known):
- Street Address: 10530 Page Ave
- City and County: Fairfax,
- State and Zip Code: VA
- Telephone Number: 703-246-3460
- E-mail Address (if known):

Defendant No. 4
- Name: Christopher Harris
- Job or Title (if known):
- Street Address: 14 Palmer Ct
- City and County: Glassboro,
- State and Zip Code: Nj 08028
- Telephone Number:
- E-mail Address (if known):

Defendant No. 1

| | |
|---|---|
| Name | Estella Patterson |
| Job or Title *(if known)* | Chief of Police |
| Street Address | 222 W Hargett St |
| City and County | Raleigh, |
| State and Zip Code | North Carolina, 27601 |
| Telephone Number | (919) 996-3050 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Alpha Phi Alpha |
| Job or Title *(if known)* | |
| Street Address | 5639 Beatties Ford Rd |
| City and County | Charlotte, |
| State and Zip Code | North Carolina |
| Telephone Number | 410.554.0040 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Siafa Tolbert |
| Job or Title *(if known)* | Security |
| Street Address | 18755 Sabal St |
| City and County | Orlando |
| State and Zip Code | FL 32833 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | Lucretia Matthews |
| Job or Title *(if known)* | |
| Street Address | 3400 Oscar Dr. |
| City and County | Matthews |
| State and Zip Code | North Carolina |
| Telephone Number | |
| E-mail Address *(if known)* | |